**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 11-4481**

————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

CURTIS ANTHONY MADINA,

                Defendant - Appellant.

————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00128-RJC-DSC-1)

————————

Submitted:  March 19, 2012         Decided:  April 10, 2012

————————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

W. Rob Heroy, TIN, FULTON, WALKER & OWEN, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Anthony Madina was convicted of: possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) (2006) (Count One); possessing or carrying a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2006) (Count Two); and possession of an unregistered firearm, 26 U.S.C. §§ 5841, 5861(d) (2006) (Count Three). He received an aggregate sentence of ninety-three months. Madina now appeals his convictions on Counts One and Two, contending that the district court erroneously denied his Fed. R. Crim. P. 29 motion for judgment of acquittal on those counts. We affirm.

We review de novo the district court's decision to deny a Rule 29 motion. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010), cert. denied, 132 S. Ct. 469 (2011). We will sustain the jury's verdict if, viewing the evidence in the light most favorable to the Government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 340 (2010). We "assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir.) (internal quotation marks and alteration omitted), cert. denied, 132 S. Ct. 564 (2011).

2

Evidence at trial established that officers conducting a pat-down search of Madina in connection with a traffic stop recovered a bag containing a digital scale and twenty-eight smaller bags of marijuana. Officers also recovered an unregistered, .22 caliber sawed-off shotgun from the floorboard where Madina had been seated. Madina claimed that the marijuana was for his personal use. He also admitted that the firearm was his.

A forensic analyst testified that she tested the contents of nine of the smaller bags, and the net weight of the contents of those bags alone was over forty-nine grams. She also stated that the contents of the remaining bags was marijuana. A special agent of the Bureau of Alcohol, Tobacco and Firearms testified that the quantity of marijuana and the method of packaging were consistent with drug dealing, not personal use. He further stated that the presence of the scale suggested distribution, not mere use, and that drug dealers often carry firearms in order to intimidate others and to protect their drugs.

"To convict a defendant of possession with the intent to distribute, the government must prove: (1) possession of a narcotic controlled substance; (2) knowledge of the possession; and (3) the intent to distribute." United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). There is no dispute that the

3

first two requirements are met. Whether Madina intended to distribute the marijuana is the only issue before us. Intent to distribute narcotics may be inferred from the packaging of drugs in a manner that would facilitate their sale or from the presence of a quantity of drugs larger than needed for personal use. United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990). Possession of firearms constitutes "additional circumstantial evidence of . . . involvement in narcotics distribution." Id. at 731. Finally, possession of a scale also is circumstantial evidence of intent to distribute narcotics. United States v. Harris, 31 F.3d 153, 157 (4th Cir. 1994).

We conclude that the evidence established the requisite intent to distribute. The amount and method of packaging of the marijuana are consistent with drug dealing, as are the presence of the shotgun and digital scale. Accordingly, we find the evidence sufficient to convict Madina on Count One.

This finding defeats Madina's related claim that his 18 U.S.C. § 924(c)(1) conviction is infirm because there was insufficient evidence to find that he possessed the firearm in furtherance of a drug trafficking crime. We previously observed, however, that "[p]ossession with intent to distribute is unquestionably a drug trafficking crime." Fisher, 912 F.3d at 731. Accordingly, we hold that the evidence was sufficient to convict Madina on Count Two.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>